UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 6:21-CR-67-REW-HAI |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| JOSHUA MILLS, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

After conducting Rule 11 proceedings, *see* DE 49 (Minute Entry), Judge Ingram recommended that the undersigned accept Defendant Joshua Mills's guilty plea and adjudge him guilty of Count One (the lone count) of the Indictment (DE 7). *See* DE 48 (Recommendation). Judge Ingram expressly informed Mills of the right to object to the recommendation and to secure *de novo* review from the undersigned. *See id.* at 3. The established, objection deadline set for January 6, 2022 at 5:00 p.m. has passed, and no party has objected. *See id.*

The Court is not required to "review . . . a magistrate[ judge]'s factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in his objections to the magistrate[ judge]'s report and recommendation . . . he has forfeited his right to raise this issue on appeal.'") (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996) (quote brackets simplified)); *United States v. Olano*, 133 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); FED. R. CRIM. P. 59(b)(2)–(3) (limiting de novo review duty to "any objection"

filed); 28 U.S.C. § 636(b)(1) (limiting de novo review duty to "those portions" of the recommendation "to which objection is made").

The Court thus, with no objection from any party and on full review of the record, **ORDERS** as follows:

1. The Court **ADOPTS** DE 48, **ACCEPTS** Defendant's guilty plea, and **ADJUDGES** Defendant guilty of Count One of the Indictment;

2. The Court **CANCELS** the trial as to this Defendant; and

3. The Court will issue a separate sentencing order.[1]

This the 7th day of January, 2022.

Signed By:
**Robert E. Wier**
United States District Judge

---

[1] At the hearing, Judge Ingram remanded Defendant to custody. *See* DE 49. This was his pre-plea status. The Court, thus, sees no need to further address detention, at this time. Mills will remain detained pending sentencing.